UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| APPLIED BIOLOGICS LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Case No. 4:25-cv-1386 |
| CHAINCONNECT, LLC d/b/a HBO33 HYPERBARICS & NCTID; and EDWARD TOMOYE d/b/a HBO33 HYPERBARICS & NCTID, | § § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Applied Biologics LLC ("Plaintiff") for its Complaint against Defendants Chainconnect, LLC d/b/a HBO33 Hyperbarics & NCTID ("Clinic") and Edward Tomoye d/b/a HBO33 Hyperbarics & NCTID ("Dr. Tomoye") (collectively, the "Defendants")[1], hereby alleges as follows:

## PARTIES

1. Plaintiff is a foreign manager-managed limited liability company organized and existing under the laws of the State of South Dakota, with its principal place of business located in Scottsdale, Arizona. Plaintiff's sole manager and sole member is Aspen Biotech Corporation, a domestic for-profit corporation organized under the laws of the State of Delaware with its principal place of business in Scottsdale, Arizona, and is therefore a citizen of Delaware and Arizona.

2. Defendant Clinic is or was a domestic limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located in Euless,

---

[1] Plaintiff, together with Defendants, are each a "Party," and collectively, the "Parties."

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 1**
4934-0408-1018\3

Texas. Clinic's sole manager and sole member is Edward Tomoye, an individual domiciled in the State of Texas, and it is therefore a citizen of the State of Texas. Plaintiff is not aware of any other members of Clinic.

3.  Defendant Dr. Tomoye is an individual who is domiciled in the State of Texas and is therefore a citizen of the State of Texas.

4.  Upon information and belief, Defendant Clinic and/or Defendant Dr. Tomoye are or were doing business as HBO33 Hyperbarics & NCTID.

## JURISDICTION AND VENUE

5.  The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.  The Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the Due Process Clause of the Fourteenth Amendment because Defendants conduct, or have conducted, business in the Northern District of Texas, and Defendants have caused certain events to occur in the Northern District of Texas out of which this action arises.

7.  Venue in the Northern District of Texas is proper pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8.  Plaintiff is a fully-integrated life sciences company providing, among other things, product development, manufacturing and distribution of various medical technologies.

9.  Plaintiff manufactures and distributes a medical product called XWRAP® (the "Product").

10.  The Product is an allograft that is used in the management of chronic wounds such

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 2**
4934-0408-1018\3

as diabetic foot ulcers, venous stasis ulcers, and pressure ulcers.

11.     Upon information and belief, Dr. Tomoye is a chronic wound care physician affiliated with Clinic.

12.     Defendants ordered the Product from Plaintiff.

13.     Thereafter, Plaintiff shipped the Product to Defendants and invoiced Defendants for the Product, as set forth below (collectively, the "Invoices"):

|  | Invoice No. | Invoice Date | Due Date | Amount |
|---|---|---|---|---|
| 1. | 8725 | 2/20/2025 | 3/22/2025 | $98.060.00 |
| 2. | 8783 | 2/26/2025 | 3/28/2025 | $98.060.00 |
| TOTAL | | | | $196,120.00 |

True and correct copies of the Invoices are attached hereto and incorporated herein by reference as **Exhibit 1**.

14.     Pursuant to the terms of the Invoices, and as reflected in the table above, payment for the Product was due within thirty (30) days of the dates listed on the respective Invoices.

15.     To date, Defendants have failed to remit payment to Plaintiff for the Product pursuant to the Invoices, and Defendants are indebted to Plaintiff under the Invoices in the amount of $196,120.00. (the "Outstanding Amount").

16.     Defendants, on information and belief, used the Product that Plaintiff provided to them, but Defendants have failed or refused to remit payment to Plaintiff for the Product.

17.     On or about November 20, 2025, Counsel for Plaintiffs sent Defendants a Demand for Payment letter (the "Demand Letter"), demanding Defendants pay Plaintiff the Outstanding Amount by December 1, 2025. A true and correct copy of the Demand Letter is attached and incorporated herein as **Exhibit 2**.

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 3**
4934-0408-1018\3

18.     Defendants failed to remit the Outstanding Amount to Plaintiff by the December 1, 2025 deadline.

19.     At all relevant times, Plaintiff has fully complied with its obligations under the Invoices.

20.     Pursuant to Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 et seq., if payment of the Outstanding Amount is not paid within thirty (30) days from the date the Demand Letter, Plaintiff shall be entitled to recover its reasonable attorneys' fees and costs in connection with collection of payment due under the Invoices.

## CAUSES OF ACTION

## COUNT I

**(Breach of Contract – Chainconnect, LLC d/b/a HBO33 Hyperbarics & NCTID and Edward Tomoye d/b/a HBO33 Hyperbarics & NCTID)**

21.     Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

22.     The Invoices constitute valid and binding contracts.

23.     At all relevant times, Plaintiff performed all of its contractual obligations, namely, delivery of the Product that Defendants purchased from Plaintiff.

24.     Under the Invoices, Defendants have a contractual obligation to pay Plaintiff for the Product they received from Plaintiff.

25.     Defendants have materially breached their contractual obligations by failing or refusing to pay the Outstanding Amount due under the Invoices to Plaintiff.

26.     As a direct and proximate result of Defendants' material breach of their payment obligations under the Invoices, Plaintiff has been damaged in an amount to be proven at trial, but not less than the Outstanding Amount.

**PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 4**
4934-0408-1018\3

## COUNT II

**(Sworn Account – Chainconnect, LLC d/b/a HBO33 Hyperbarics & NCTID and Edward Tomoye d/b/a HBO33 Hyperbarics & NCTID)**

27.     Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

28.     The prices charged for the Product were just and true because they were according to the terms of the Invoices.  Plaintiff kept systematic records of the transactions. The Outstanding Amount remains unpaid and is liquidated and is sworn. Plaintiff is entitled to judgment upon its sworn account.

## COUNT III

**(Alternative Claim for Unjust Enrichment – Chainconnect, LLC d/b/a HBO33 Hyperbarics & NCTID and Edward Tomoye d/b/a HBO33 Hyperbarics & NCTID)**

29.     Plaintiff incorporates by reference each of the allegations contained in Paragraphs 1-11, 13, 15-18 of this Complaint as though fully set forth herein.

30.     By providing the Product to Defendants as set forth herein and evidenced by the Invoices, Plaintiff conferred a benefit upon Defendants, with Defendants' express consent and at Defendants' express request.

31.     Plaintiff reasonably expected payment for the benefit conferred without delay.

32.     It would be unjust for Defendants to retain the benefit Plaintiff conferred without restitution not less than the Outstanding Amount.

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendants Chainconnect, LLC d/b/a HBO33 Hyperbarics & NCTID and Edward Tomoye d/b/a HBO33 Hyperbarics & NCTID, jointly and severally, as follows:

A.     Awarding Plaintiff the Outstanding Balance due under the Invoices;

B.      Awarding Plaintiff pre-judgment and post-judgment interest on the foregoing amounts at the highest rate allowed under applicable law;

C.      Awarding Plaintiff all of its attorneys' fees, costs and expenses pursuant to the Section 38 of the Texas Civil Practice and Remedies Code to the extent not paid within thirty (30) days of the Demand Letter;

D.      Alternatively, finding that Defendants have been unjustly enriched as a result of receiving the Product as evidenced by the Invoices, but without remitting payment to Plaintiff for the Product; and

E.      Awarding Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Brian Vanderwoude*
**J. Brian Vanderwoude**
State Bar No. 24047558
vanderwoude.brian@dorsey.com
**Monica Niewiarowski**
State Bar No. 24105877
niewiarowski.monica@dorsey.com
**DORSEY & WHITNEY LLP**
200 Crescent Court, Suite 1600
Dallas, TX 75201
214 981-9900 (main)
214 981-9901 (facsimile)

**ATTORNEYS FOR PLAINTIFF**
**APPLIED BIOLOGICS LLC**

## DECLARATION PURSUANT TO TEX. CIV. PRAC. & REM. CODE § 132.001

My name is Debbie K. Neal, my date of birth is October 4, 1982, and my address is 8455 Riverbranch Place, Sanford, Florida 32711. On behalf of Applied Biologics, LLC, I declare under penalty of perjury that I have read this Complaint, the factual statements herein are within my personal knowledge and are true and correct, the claim upon which the account is based is within my personal knowledge and is just, true, due, and unpaid, and that all just and lawful offsets, payments, and credits have been allowed.

Executed in Seminole County, State of Florida, on the 2nd day of December, 2025.

_____
DEBBIE NEAL

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 7
4934-0408-1018\3