UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| APPLIED BIOLOGICS, LLC, | |
| **Plaintiff,** | |
| **v.** | **Case No: 4:25-cv-01386** |
| CHAINCONNECT, LLC d/b/a HBO33 HYPERBARICS & NCTID; and EDWARD TOMOYE d/b/a HBO33 HYPERBARICS & NCTID, | |
| **Defendants.** | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Chainconnect, LLC and Edward Tomoye (collectively, "Defendants") file this, their Answer to Plaintiff's Original Complaint, and would respectfully show the Court as follows:

**I.**
**SPECIFIC ADMISSIONS AND DENIALS**

1.      Defendants lack sufficient information to admit or deny paragraph 1.

2.      Defendants admit paragraph 2 in part, but deny any reference to Chainconnect, LLC as a clinic or "Clinic."

3.      Defendants admit paragraph 3.

4.      Defendants deny paragraph 4 as it relates to Chainconnect, LLC. Defendants admit the remaining allegations in paragraph 4.

5.      Defendants admit that the Court has subject matter jurisdiction over this case.

6.     Defendants admit that the Court has personal jurisdiction over Dr. Tomoye. Defendants deny the remaining allegations in paragraph 6.

7.     Defendants admit that venue is proper in this Court pursuant to 28 USC § 1391.

8.     Defendants lack sufficient information to admit or deny the allegations concerning Plaintiff's business in paragraph 8, and therefore deny same.

9.     Defendants lack sufficient information to admit or deny the allegations concerning whether Plaintiff manufactures the Product, and therefore deny same. Defendants admit to the remaining allegations in paragraph 9.

10.    Defendants admit paragraph 10.

11.    Defendants admit that Dr. Tomoye is a physician who specializes in infectious disease and wound care. Defendants deny the remaining allegations in paragraph 11.

12.    Defendants deny paragraph 12 as it relates to Chainconnect, LLC. Defendants further deny paragraph 12 to the extent it implies that Dr. Tomoye ordered the Product without numerous assurances that if Medicare coverage was denied, Dr. Tomoye would not be responsible for payment.

13.    Defendants deny paragraph 13 as it relates to Chainconnect, LLC. Defendants further deny paragraph 13 to the extent that it implies the invoices are valid, binding, legal, or otherwise due and owing. Defendants admit that Plaintiff shipped the Product to Dr. Tomoye and sent Dr. Tomoye a document entitled invoice.

14.    Defendants deny paragraph 14.

15.    Defendants deny paragraph 15.

16.    Defendants deny paragraph 16 as it relates to Chainconnect, LLC. Defendants admit that Dr. Tomoye used the Product to some extent on a patient, but denies that any amount is owed or due to Plaintiff based on Plaintiff's representations.

17.    Defendants admit that counsel for Plaintiff sent Defendants a demand letter, but deny paragraph 17 to the extent it implies that the allegations contained in the demand letter are true or that any deadlines or statements in the demand letter have any legal or binding authority.

18.    Defendants admit that they did not remit payment to Plaintiff because there was no amount due or outstanding. Defendants deny the remaining allegations in paragraph 18.

19.    Defendants deny paragraph 19.

20.    Defendants cannot admit or deny paragraph 20 as it purports to be a statement of law. Defendants therefore deny same.

21.    Paragraph 21 requires no admission or denial.

22.    Defendants deny paragraph 22.

23.    Defendants admit that Plaintiff delivered the product to Dr. Tomoye, but deny all remaining allegations in paragraph 23.

24.    Defendants deny paragraph 24.

25.    Defendants deny paragraph 25.

26.    Defendants deny paragraph 26.

27.    Paragraph 27 requires no admission or denial.

28.    Defendant denies paragraph 28.

29.    Paragraph 29 requires no admission or denial.

30.    Defendant denies paragraph 30.

31.    Defendant denies paragraph 31.

32.     Defendant denies paragraph 32.

## II.
### AFFIRMATIVE DEFENSES

33.     Defendants plead the following affirmative defenses in response to the allegations in Plaintiff's Original Complaint, and do so in the alternative when necessary.

34.     Plaintiff's claims against Chainconnect, LLC are barred, in whole or in part, because Plaintiff lacks privity of contract with Chainconnect, LLC. Specifically, Chainconnect, LLC did not exist when Plaintiff issued the invoices. Therefore, it is impossible for Chainconnect, LLC to have contracted with Plaintiff or order any products from Plaintiff.

35.     Plaintiff's claims against Defendants are barred, in whole or in part, because of Plaintiff's fraud, fraudulent misrepresentations, fraudulent inducement, and by the doctrine of unclean hands. Specifically, beginning in November of 2024, Plaintiff – through individuals like Jon Crane – made numerous representations that if Medicare denied the claim, then Plaintiff would accept responsibility for the claim. For example, on November 1, 2024, Jon Crane sent Dr. Tomoye an email stating that Reimbursement and Billing Corp ("RMBB") conducts Plaintiff's insurance verifications and assists Plaintiff with the appeals process in cases of denials of coverage. Further, Jon Crane stated that if the claim is denied due to an error by Plaintiff, Plaintiff would be responsible for the claim and the amounts otherwise owed. At all times, Jon Crane held himself out to be an employee, agent, or representative of Plaintiff.

36.     In the case of the product ordered by Dr. Tomoye, Plaintiff represented that the product would be covered by Medicare and that Plaintiff would be responsible for ensuring same. However, Medicare denied the claim. In March and April of 2025, Dr. Tomoye's staff uploaded documents to the RMBB portal at the request of Plaintiff for the appeals process. When

the denial was reviewed by RMBB, RMBB determined the denial was due to a failure of basic oversight by Plaintiff.

37.     Had Plaintiff not made numerous representations that it would be responsible for ensuring the product was covered by Medicare and that Plaintiff would be responsible for any denial of coverage by Medicare, Dr. Tomoye would have never ordered the product – especially one that is so outrageously priced compared to similar products in the marketplace. Plaintiff made these material misrepresentations intending for Dr. Tomoye to rely on them, and Dr. Tomoye's reliance on Plaintiff's misrepresentations was justified. Interestingly, Plaintiff did not issue a demand letter until it became clear that Dr. Tomoye would no longer order products from Plaintiff.

## III.
### PRAYER

WHEREFORE, for all the foregoing reasons, Defendants Chainconnect, LLC and Edward Tomoye respectfully request the Court enter a take nothing Judgment against Plaintiff,  and for any further relief, whether arising at law or at equity to which Defendants show themselves justly entitled.

Respectfully submitted,

*/s/ Doni Mazaheri*
**Doni Mazaheri**
Texas State Bar No. 24110864

**HUSCH BLACKWELL LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Phone:  (214) 999-6100
Fax:     (214) 999-6170
Doni.Mazaheri@HuschBlackwell.com

**ATTORNEY FOR DEFENDANTS**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all parties of record through the Court's ECF/PACER system at the electronic addresses provided to the Court on January 14, 2026.

By:   /s/ *Doni Mazaheri*
Doni Mazaheri