UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

APPLIED BIOLOGICS, LLC,

    Plaintiff,

    v.

CHAINCONNECT, LLC d/b/a HBO33
HYPERBARICS & NCTID; and
EDWARD TOMOYE d/b/a HBO33
HYPERBARICS & NCTID
    Defendants.

Case No: 4:25-cv-01386

---

**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL
COMPLAINT AND ORIGINAL COUNTERCLAIM**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Chainconnect, LLC and Edward Tomoye (collectively, "Defendants") file this, their First Amended Answer to Plaintiff's Original Complaint and Original Counterclaim, and would respectfully show the Court as follows:

**I.
SPECIFIC ADMISSIONS AND DENIALS**

1.    Defendants lack sufficient information to admit or deny paragraph 1.

2.    Defendants admit paragraph 2 in part, but deny any reference to Chainconnect, LLC as a clinic or "Clinic."

3.    Defendants admit paragraph 3.

4.    Defendants deny paragraph 4 as it relates to Chainconnect, LLC. Defendants admit the remaining allegations in paragraph 4.

1

5. Defendants admit that the Court has subject matter jurisdiction over this case.

6. Defendants admit that the Court has personal jurisdiction over Dr. Tomoye. Defendants deny the remaining allegations in paragraph 6.

7. Defendants admit that venue is proper in this Court pursuant to 28 USC § 1391.

8. Defendants lack sufficient information to admit or deny the allegations concerning Plaintiff's business in paragraph 8 and therefore deny same.

9. Defendants lack sufficient information to admit or deny the allegations concerning whether Plaintiff Applied Biologics, LLC ("Plaintiff") manufactures the Product, and therefore deny same. Defendants admit to the remaining allegations in paragraph 9.

10. Defendants admit paragraph 10.

11. Defendants admit that Dr. Tomoye is a physician who specializes in infectious disease and wound care. Defendants deny the remaining allegations in paragraph 11.

12. Defendants deny paragraph 12 as it relates to Chainconnect, LLC. Defendants further deny paragraph 12 to the extent it implies that Dr. Tomoye ordered the Product without numerous assurances that if Medicare coverage was denied, Dr. Tomoye would not be responsible for payment.

13. Defendants deny paragraph 13 as it relates to Chainconnect, LLC. Defendants further deny paragraph 13 to the extent that it implies the invoices are valid, binding, legal, or otherwise due and owing. Defendants admit that Plaintiff shipped the Product to Dr. Tomoye and sent Dr. Tomoye a document entitled invoice.

14. Defendants deny paragraph 14.

15. Defendants deny paragraph 15.

16. Defendants deny paragraph 16 as it relates to Chainconnect, LLC. Defendants admit that Dr. Tomoye used the Product to some extent on a patient but denies that any amount is owed or due to Plaintiff based on Plaintiff's representations.

17. Defendants admit that counsel for Plaintiff sent Defendants a demand letter but deny paragraph 17 to the extent it implies that the allegations contained in the demand letter are true or that any deadlines or statements in the demand letter have any legal or binding authority.

18. Defendants admit that they did not remit payment to Plaintiff because there was no amount due or outstanding. Defendants deny the remaining allegations in paragraph 18.

19. Defendants deny paragraph 19.

20. Defendants cannot admit or deny paragraph 20 as it purports to be a statement of law. Defendants therefore deny same.

21. Paragraph 21 requires no admission or denial.

22. Defendants deny paragraph 22.

23. Defendants admit that Plaintiff delivered the product to Dr. Tomoye but deny all remaining allegations in paragraph 23.

24. Defendants deny paragraph 24.

25. Defendants deny paragraph 25.

26. Defendants deny paragraph 26.

27. Paragraph 27 requires no admission or denial.

28. Defendant denies paragraph 28.

29. Paragraph 29 requires no admission or denial.

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

32.     Defendant denies paragraph 32.

## II.
### AFFIRMATIVE DEFENSES

33.     Defendants plead the following affirmative defenses in response to the allegations in Plaintiff's Original Complaint and do so in the alternative when necessary.

34.     Plaintiff's claims against Chainconnect, LLC are barred, in whole or in part, because Plaintiff lacks privity of contract with Chainconnect, LLC. Specifically, Chainconnect, LLC did not exist when Plaintiff issued the invoices. Therefore, it is impossible for Chainconnect, LLC to have contracted with Plaintiff or order any products from Plaintiff.

35.     Plaintiff's claims against Defendants are barred, in whole or in part, because of Plaintiff's fraud, fraudulent misrepresentations, fraudulent inducement, and by the doctrine of unclean hands. Specifically, beginning in November of 2024, Plaintiff – through individuals like Jon Crane – made numerous representations that if insurance or Medicare denied the claim, then Plaintiff would accept responsibility for the claim. For example, on November 1, 2024, Jon Crane sent Dr. Tomoye an email stating that Reimbursement and Billing Corp ("RMBB") conducts Plaintiff's insurance verifications and assists Plaintiff with the appeals process in cases of denials of coverage. Further, Jon Crane stated that if the claim is denied due to an error by Plaintiff, Plaintiff would be responsible for the claim and the amounts otherwise owed. At all times, Jon Crane held himself out to be an employee, agent, or representative of Plaintiff.

36.     In the case of the product ordered by Dr. Tomoye, Plaintiff represented that the product would be covered by Medicare and that Plaintiff would be responsible for ensuring same. However, Medicare denied the claim. In March and April of 2025, Dr. Tomoye's staff uploaded documents to the RMBB portal at the request of Plaintiff for the appeals process. When

4

the denial was reviewed by RMBB, RMBB determined the denial was due to a failure of basic oversight by Plaintiff.

37.    Had Plaintiff not made numerous representations that it would be responsible for ensuring the product was covered by Medicare and that Plaintiff would be responsible for any denial of coverage by Medicare, Dr. Tomoye would have never ordered the product – especially one that is so outrageously priced compared to similar products in the marketplace. Plaintiff made these material misrepresentations intending for Dr. Tomoye to rely on them, and Dr. Tomoye's reliance on Plaintiff's misrepresentations was justified. Interestingly, Plaintiff did not issue a demand letter until it became clear that Dr. Tomoye would no longer order products from Plaintiff.

### III.
### COUNTERCLAIM

38.    Dr. Tomoye brings this action against Plaintiff for fraudulent inducement/fraud and negligent misrepresentation, and would respectfully show the Court as follows:

**A.    Parties.**

39.    Dr. Tomoye has already appeared in this lawsuit and, for the purposes of this action, may be served through his attorney of record, Doni Mazaheri, at 1900 N. Pearl Street, Suite 1800 Dallas, Texas 75201.

40.    Plaintiff has appeared in this lawsuit and may be serve though its attorney of record, J. Brian Vanderwoude, at 200 Crescent Court, Suite 1600 Dallas, Texas 75201.

**B.    Jurisdiction and Venue.**

41.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

42.     This Court has personal jurisdiction over Plaintiff, who has appeared in this case by filing a complaint.

43.     Venue is proper in this court pursuant to 28 U.S.C. § 1391.

**C.     Factual Background**

44.     Dr. Tomoye is a board-certified physician who specializes in infectious diseases and wound care, while operating a multidisciplinary medical practice. Dr. Tomoye and his staff are routinely visited by sales representatives of medical device and product companies, like Plaintiff.

45.     Beginning on or about November 1, 2024, Plaintiff began meeting, emailing, and calling Dr. Tomoye and his staff regarding use of the Xwrap – a graft used for wound care treatment. Over the next several months, Plaintiff repeatedly represented to Dr. Tomoye and his staff that if insurance or Medicare denied the claim, then Plaintiff would accept responsibility for the claim.

46.     For example, on November 1, 2024, Jon Crane, who held himself out to be a Wound Care Specialist for Plaintiff, sent Dr. Tomoye and his nurse practitioner an email recapping the introductory meeting between Mr. Crane and Dr. Tomoye. At all times, Mr. Crane held himself out to be an employee, agent, or representative of Plaintiff. In that email, Mr. Crane provided an overview of Plaintiff's operations and the Xwrap product. Mr. Craine highlighted that Reimbursement and Billing Corp ("RMBB") conducts Plaintiff's insurance verifications and assists Plaintiff with the appeals process in cases of denials of coverage. Further, Jon Crane stated that if the claim is denied due to an error by Plaintiff or Plaintiff's insurance verification, Plaintiff would be responsible for the claim and the amount owed. The representations contained in that email were repeated by Plaintiff numerous times over the next few months.

47.     In January 2025, Dr. Tomoye met with a patient he believed would be a good candidate for use of the Xwrap. Based on the representations in Mr. Crane's November 1, 2024, email, and the numerous similar representations made by Plaintiff in the months that followed the email, Dr. Tomoye ordered the Xwrap. After just two applications in February of 2025, Medicare denied the claim, despite Plaintiff's assurances that the Xwrap would be covered by Medicare. In March and April of 2025, Dr. Tomoye's staff uploaded documents to the RMBB portal at the request of Plaintiff for the appeals process. When the denial was reviewed by RMBB, RMBB determined the denial was due to a failure of basic oversight by Plaintiff.

48.     After this determination by RMBB, months went by without any demand or indication from Plaintiff that Dr. Tomoye owed any sums form the Xwrap. In November 2025, a new representative from Plaintiff visited Dr. Tomoye's office to market the Xwrap, unaware of the previous incident. That representative was informed that Dr. Tomoye's office began using the graft of one of Plaintiff's competitors. Shortly thereafter, Plaintiff sent a demand letter and then proceeded to file this lawsuit.

**D.      Causes of Action**

49.     **Fraud/Fraudulent Inducement.** Dr. Tomoye hereby incorporates by reference the proceeding paragraphs as if set forth in full herein.

50.     As outlined above, Plaintiff made material representations to Dr. Tomoye and his staff that Plaintiff would cover the cost of the Xwrap should Medicare/insurance coverage be denied due to an error by Plaintiff or Plaintiff's insurance verification. At the time Plaintiff made these representations, Plaintiff knew there false. Plaintiff intended that Dr. Tomoye rely on these representations by inducing him to order the Xwrap product. Dr. Tomoye justifiably relied on these representations when he ordered the Xwrap product. As a proximate result of

Plaintiff's intentional misrepresentations, Dr. Tomoye suffered actual damages, including, but not limited to, lost profits, out-of-pocket expenses, and has incurred attorneys' fees.

51.     Plaintiffs' fraudulent acts and omissions were committed knowingly, intentionally, willfully, maliciously, or with wanton and gross negligence for which Dr. Tomoye should be awarded exemplary damages.

52.     **Negligent Misrepresentation.** Dr. Tomoye hereby incorporates by reference the proceeding paragraphs as if set forth in full herein.

53.     As outlined above, Plaintiff made false representations to Dr. Tomoye in the course of their business and in a transaction in which Plaintiff had a financial interest. Just as Plaintiff did on November 1, 2024, Plaintiff repeatedly represented that Plaintiff would cover the cost of the Xwrap should Medicare/insurance coverage be denied due to an error by Plaintiff or Plaintiff's insurance verification. These false representations were made for the guidance of Dr. Tomoye, as Plaintiff wanted Dr. Tomoye to order the Xwrap product.

54.     Plaintiff did not use reasonable care when making these representations to Dr. Tomoye, and knew Plaintiff had no intention of covering the cost of the Xwrap if there was a denial of coverage. Dr. Tomoye justifiably relied on these false statements by ordering the Xwrap product.

55.     As a result of Plaintiff's misrepresentations, Dr. Tomoye suffered actual damages, including, but not limited to, lost profits, out-of-pocket expenses, and has incurred attorneys' fees.

## IV.
## PRAYER

WHEREFORE, for all the foregoing reasons, Defendants Chainconnect, LLC and Edward Tomoye respectfully request the Court enter a take nothing Judgment against Plaintiff, enter a judgment against Plaintiff for fraud, fraudulent inducement, and negligent misrepresentation, and award Defendants actual damages in an amount to be determined by a trier of fact, exemplary damages, along with reasonable and necessary attorney's fees, costs of court, and pre- and post-judgment interest on all amounts recovered. Defendants further pray for such other and further relief, whether arising at law or at equity to which Defendants show themselves justly entitled.

Respectfully submitted,

*/s/ Doni Mazaheri*

**Doni Mazaheri**
Texas State Bar No. 24110864

**HUSCH BLACKWELL LLP**
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Phone:  (214) 999-6100
Fax:     (214) 999-6170
Doni.Mazaheri@HuschBlackwell.com

**ATTORNEY FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties of record through the Court's ECF/PACER system at the electronic addresses provided to the Court on February 4, 2026.

By:    */s/ Doni Mazaheri*
        Doni Mazaheri

9

## DECLARATION OF EDWARD TOMOYE

I, Dr. Edward Tomoye, hereby declare as follows:

1.    My name is Dr. Edward Tomoye. I am over the age of 18, and I have never been convicted of a felony or crime of moral turpitude. I am of sound mind, and I am otherwise competent to make this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct. I am a licensed physician practicing in the fields of wound care and infectious disease, amongst others. I am also the sole member of Chainconnect, LLC. I have reviewed Plaintiff Applied Biologics, LLC's Original Complaint, including the allegation that I and Chainconect, LLC owe Plaintiff the sum of $196,120.00 on a sworn account.

2.    Chainconnect, LLC cannot owe Plaintiff any money. The invoices that Plaintiff is suing on are dated February 20, 2025, and February 26, 2025. Chainconnect, LLC did not exist until August 11, 2025.

3.    Plaintiff approached me several times via meetings, phone calls, and emails regarding Plaintiff's grafting product – the Xwrap. Starting on or about November 1, 2024, Plaintiff repeatedly represented that Plaintiff would cover the cost of the Xwrap should Medicare/insurance coverage be denied due to an error by Plaintiff or Plaintiff's Plaintiff also represented to me that Reimbursement and Billing Corp ("RMBB") conducts Plaintiff's insurance verifications and assists Plaintiff with the appeals process in cases of denials of coverage. Relying on these representations, I ordered the Xwrap for use on a patient. I would have never ordered the Xwrap otherwise, as similar grafts on the market are available for less than half of the price of the Xwrap. Medicare denied coverage, and RMBB Health determined the denial was due to a failure of basic oversight by Plaintiff.

10

4.     I hereby deny that I or Chainconnect, LLC owe any amount of money to Plaintiff. I further deny that Plaintiff's purported sworn account is just or true, or that all offsets, payments, and credits have been applied to the account.

My name is Dr. Edward Tomoye. My date of birth is August 24, 1972, and my business address is 601 Westpark Wy Suite 200, Euless, Texas 76040, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Tarrant County, State of Texas, on the 3rd day of February, 2026.

Dr. Edward Tomoye, D.O.

11