UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| APPLIED BIOLOGICS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:25-cv-1386-BJ |
| CHAINCONNECT, LLC d/b/a HBO33 | § | |
| HYPERBARICS & NCTID; and EDWARD | § | |
| TOMOYE d/b/a HBO33 HYPERBARICS & | § | |
| NCTID, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ANSWER TO DEFENDANT EDWARD TOMOYE'S COUNTERCLAIM**

Plaintiff Applied Biologics LLC ("Plaintiff"), by and through its attorneys undersigned, hereby files this *Answer* to the *Counterclaim* (the "Counterclaim") filed by Defendant Edward Tomoye d/b/a HBO33 Hyperbarics & NCTID ("Dr. Tomoye"). [Dkt. No 18]. With respect to the Counterclaim, Plaintiff admits, denies, and alleges as follows:

**COUNTERCLAIM**

38.    Plaintiff denies the allegations in Paragraph 38 of the Counterclaim.

**PARTIES**

39.    Plaintiff admits the allegations in Paragraph 39 of the Counterclaim.

40.    Plaintiff admits the allegations in Paragraph 40 of the Counterclaim.

**JURISDICTION AND VENUE**

41.    Plaintiff admits the allegations in Paragraph 41 of the Counterclaim.

42.    Plaintiff admits the allegations in Paragraph 42 of the Counterclaim.

43.    Plaintiff admits the allegations in Paragraph 43 of the Counterclaim.

**PLAINTIFF'S ANSWER TO COUNTERCLAIM– PAGE 1**

## FACTUAL BACKGROUND

44.     Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 44 of the Counterclaim and therefore denies them.

45.     Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 45 of the Counterclaim and therefore denies them.

46.     Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 46 of the Counterclaim and therefore denies them.

47.     Plaintiff lacks sufficient information to admit or deny the allegations in Paragraph 47 of the Counterclaim and therefore denies them.

48.     In answering Paragraph 48 of the Counterclaim, Plaintiff admits that "Plaintiff sent a demand letter and then proceeded to file this lawsuit." Plaintiff lacks sufficient information to admit or deny the remaining allegations in Paragraph 48 of the Counterclaim and therefore denies them.

## CAUSES OF ACTION

49.     **Fraud/Fraudulent Inducement.** In answering Paragraph 49 of the Counterclaim, Plaintiff adopts and incorporates the above responses to Paragraphs 38-48 of the Counterclaim, as if fully set forth herein.

50.     Plaintiff denies the allegations in Paragraph 50 of the Counterclaim.

51.     Plaintiff denies the allegations in Paragraph 51 of the Counterclaim.

52.     **Negligent Misrepresentation.** In answering Paragraph 52 of the Counterclaim, Plaintiff adopts and incorporates the above responses to Paragraphs 38-51 of the Counterclaim, as if fully set forth herein.

53.     Plaintiff denies the allegations in Paragraph 53 of the Counterclaim.

54.     Plaintiff denies the allegations in Paragraph 54 of the Counterclaim.

55.     Plaintiff denies the allegations in Paragraph 55 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1.      The Counterclaim fails to state a claim upon which relief can be granted.

2.      The Counterclaim is barred by the doctrine of laches.

3.      The Counterclaim is barred by the doctrine of unclean hands, and any damages were created or exacerbated by Dr. Tomoye's own actions or omissions.

4.      The Counterclaim for fraud and/or fraudulent inducement is barred because it is not plead with the requisite particularity, as required by Rule 9 of the Federal Rules of Civil Procedure.

5.      Dr. Tomoye failed to perform his contractual obligations and is therefore estopped from asserting the Counterclaim against Plaintiff.

6.      Plaintiff alleges that Dr. Tomoye materially breached the contracts at issue such that Plaintiff was relieved of further obligations under said contracts.

7.      The Counterclaim is barred to the extent it seeks relief based on Dr. Tomoye's wrongful conduct and not based on the conduct of Plaintiff.

8.      Plaintiff alleges and contends that Plaintiff did not make any intentional or negligent misrepresentations, and that any claims for damages are not allowable or attributed to Plaintiff.

9.      Plaintiff raises all other defenses contained in the Federal Rules of Civil Procedure 8(c) and 12(b), including, but not limited to, waiver and illegality, and reserves the right to supplement with additional defenses as more facts become known.

**PLAINTIFF'S ANSWER TO COUNTERCLAIM– PAGE 3**

## PRAYER FOR RELIEF

**WHEREFORE**, having answered the Counterclaim fully, Plaintiff requests that the Court enter judgment:

A.      Dismissing the Counterclaims in their entirety and denying all causes of action stated therein *with prejudice*;

B.      Awarding Plaintiff all of its attorneys' fees, costs and expenses pursuant to Section 38 of the Texas Civil Practice and Remedies Code; and

C.      Awarding Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 18, 2026.

Respectfully submitted,

*/s/ Brian Vanderwoude*
**J. Brian Vanderwoude**
State Bar No. 24047558
vanderwoude.brian@dorsey.com
**Monica Niewiarowski**
State Bar No. 24105877
niewiarowski.monica@dorsey.com
**DORSEY & WHITNEY LLP**
200 Crescent Court, Suite 1600
Dallas, TX 75201
214 981-9900 (main)
214 981-9901 (facsimile)

**ATTORNEYS FOR PLAINTIFF**
**APPLIED BIOLOGICS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Brian Vanderwoude*
J. Brian Vanderwoude